UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL A. LORBER,

                Plaintiff,                 **MEMORANDUM AND ORDER**
                                                                            14-CV-675 (WFK)(VMS)

        v.

U.S. DEPARTMENT OF THE TREASURY,

                Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is the March 9, 2016 Amended Report and Recommendation of Magistrate Judge Vera Scanlon regarding Daniel Lorber's ("Plaintiff") Motion for Summary Judgment and the U.S. Department of the Treasury's ("Defendant") Cross-Motion for Summary Judgment. Magistrate Judge Scanlon recommended that the Court deny Plaintiff's Motion and grant Defendant's Motion. For the following reasons, the Court ADOPTS Magistrate Judge Scanlon's Report and Recommendation in its entirety.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts of this case, and provides only a brief summary of the procedural history as it relates to this Memorandum and Order.

On October 21, 2014, Plaintiff requested a Pre-Motion Conference for a Motion for Summary Judgment, ECF No. 18, and on November 6, 2014, Defendant requested a Pre-Motion Conference for its Cross-Motion for Summary Judgment, ECF No. 22. The Court held a Pre-Motion Conference on November 12, 2014. ECF Entry Dated Nov. 12, 2014. On November 14, 2014, the Court entered an Order referring the motions to Magistrate Judge Scanlon for a Report and Recommendation. ECF No. 24.

On November 21, 2014, Magistrate Judge Scanlon established a briefing schedule for the motions. ECF Entry Dated Nov. 21, 2014. On April 6, 2015, Plaintiff filed a Motion for

1

Summary Judgment, ECF No. 34, and Defendant filed a Cross-Motion for Summary Judgment, ECF No. 35.

On February 2, 2016, Magistrate Judge Scanlon ordered each party to provide the Court with supplemental briefing on the legal authority under the Privacy Act for Plaintiff to demand production of the emails identified in his Freedom of Information Act ("FOIA") request without paying search fees. ECF Entry Dated Feb. 2, 2016. Defendant filed its supplemental brief on February 16, 2016, ECF No. 47, and Plaintiff filed his supplemental brief on February 18, 2016, ECF No. 48.

On February 18, 2016, Magistrate Judge Scanlon issued a Report and Recommendation recommending that this Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Cross-Motion for Summary Judgment. ECF No. 49 ("R&R"). Plaintiff filed his Objection to the Report and Recommendation on March 3, 2016. ECF No. 50 ("Obj."). On March 9, 2016, Magistrate Judge Scanlon filed an Amended Report and Recommendation. ECF No. 51 ("Am. R&R"). On March 18, 2016, Defendant filed a Corrected Memorandum in Opposition to Plaintiff's Objections to the Report and Recommendation. ECF No. 53 ("Opp.").

## DISCUSSION

### I. Legal Standard

#### A. Report and Recommendation

In reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). When a party makes timely objections to the Report and Recommendation, the Court must conduct a *de novo* review of those portions to which the objection is raised. *D'Annunzio v. Ayken, Inc.*, 11-CV-3303, 2015 WL 5308094, at *1 (E.D.N.Y.

Sept. 10, 2015) (Kuntz, J.); Fed. R. Civ. P. 72(b)(3). When the parties raise no objections, make conclusory or general objections, or reiterate their original arguments, the Court reviews the Report and Recommendation for clear error. *Libbey v. Village of Atlantic Beach*, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) (Seybert, J.); *Zeitone v. Korsinsky & Klein, LLP*, 13-CV-0383, 2013 WL 5937397, at *1 (E.D.N.Y. Nov. 4, 2013) (Kuntz, J.).

### B. Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must show the absence of a genuine issue for trial by citation to materials in the record, including depositions, affidavits, declarations, and electronically stored information. *Id.* 56(c)(1)(A). Affidavits and declarations, whether supporting or opposing a summary judgment motion, "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* 56(c)(4); *see Patterson v. Cnty of Oneida, New York*, 375 F.3d 206, 219 (2d Cir. 2004).

"In determining whether summary judgment is appropriate, this Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks and citations omitted). The role of the district court is not to weigh the evidence and determine the truth of the matter, but rather to perform "the threshold inquiry of whether there is the need for a trial[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). The district court reviews the movant's support for its claim that the record "could not lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel,*

*Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

If the moving party fulfills its preliminary burden, the burden shifts to the non-movant to raise the existence of a genuine issue of material fact. *Cityspec, Inc. v. Smith*, 617 F. Supp. 2d 161 (E.D.N.Y. 2009) (Wexler, J.). The non-movant must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Matsushita*, 475 U.S. at 586). "The mere existence of a scintilla of evidence" in support of the non-movant will be insufficient to defeat a summary judgment motion. *Anderson*, 477 U.S. at 252. Rather, the non-moving party must make a showing sufficient to establish the existence of each element constituting its case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) ("[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial."). Conclusory statements, devoid of specifics, are insufficient to defeat a properly supported motion for summary judgment. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

### C. *Pro Se* Litigants

When considering a motion for summary judgment brought against a *pro se* litigant, the complaint and pleadings of a *pro se* plaintiff must be "liberally construed" in favor of that party and held to "less stringent standards than formal pleadings drafted by lawyers." *See Angulo v. Nassau Cnty.*, 10-CV-1500, 2015 WL 993459, at *4 (E.D.N.Y. Mar. 6, 2015) (Bianco, J.) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). The Second Circuit "liberally construe[s] pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Id.* (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).

## II. Analysis

Magistrate Judge Scanlon recommended that this Court deny Plaintiff's motion for summary judgment and grant Defendant's cross-motion for summary judgment, including permitting Defendant to charge advance fees before releasing the remaining email records to Plaintiff, denying Plaintiff's request for attorney's fees, declining to find that Defendant acted arbitrarily and capriciously, and entering judgment in favor of Defendant. Plaintiff has raised several objections to Magistrate Judge Scanlon's recommendation. The Court addresses each in turn.

### A. Factual Findings in the Report and Recommendation

Plaintiff objects to the Report and Recommendation on the grounds that it contains factual misrepresentations and omissions. *See* Obj. at 2-3.

First, Plaintiff objects that the Report and Recommendation erred in asserting that Plaintiff was an attorney. *See id.* at 2. This objection was resolved on March 9, 2016, when Magistrate Judge Scanlon entered an Amended Report and Recommendation removing all references to Plaintiff's profession without changing the Court's underlying analysis. *See* Am. R&R at 1, 6, 20. Because the Amended Report and Recommendation resolved this issue, Plaintiff's objection is moot.

Second, Plaintiff objects on the grounds that the Report and Recommendation omitted a discussion of: (1) Plaintiff's communications with Defendant and Defense counsel in April and June 2014, and (2) Plaintiff's second request for a fee waiver filed after he submitted his June 2014 revised records request. *See* Obj. at 3-4. The Court finds, however, that Magistrate Judge Scanlon did in fact discuss the relevant April and June 2014 communications. *See* Am. R&R at 9-10; *see also* R&R at 9-10. To the extent Plaintiff asserts that Magistrate Judge Scanlon could

5

have included additional facts, the Court finds that Plaintiff has improperly raised this issue as an objection, because Plaintiff is not objecting to any finding in the Report and Recommendation. Plaintiff should have amended his Rule 56.1 Statement to incorporate these additional facts, and cannot do so at this late stage in the proceeding. Therefore, the issue is no longer before the Court.

### B. Plaintiff's FOIA Request as Reviewed Under FOIA Law

FOIA permits government agencies to charge fees for the search, review, and duplication of documents responsive to requests. *See* 5 U.S.C. § 552(a)(4)(A). These fees may be waived "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requested." *Id.* § 552(a)(4)(A)(iii); 26 C.F.R § 601.702(f)(2). In addition, an agency may not charge search fees when the agency fails to comply with FOIA's response time limit provisions, in the absence of unusual or exceptional circumstances in processing the request. *See* 5 U.S.C. §§ 552(a)(4)(A)(viii), (a)(6)(1)(i); *Davis v. U.S. Dep't of Homeland Sec.*, 11-CV-2013, 2013 WL 6145749, at *2 (Nov. 20, 2013) (Ross, J.).

Plaintiff raises two objections to Magistrate Judge Scanlon's recommendation regarding Plaintiff's FOIA requests as reviewed under FOIA law.

First, Plaintiff objects to the recommendation finding that Defendant is permitted to charge Plaintiff for fees associated with "the time it will take to run Plaintiff's search terms," as well as fees from collecting and processing these documents. Obj. at 2, 3. Magistrate Judge Scanlon reasoned that "the FOIA regulations have a very broad definition of what a 'search'" is, and that Defendant was entitled to ask for the fees associated with this broad range of "search"

activities. Am. R&R at 18. Plaintiff does not object to this reasoning. *See generally* Obj. Plaintiff argues, instead, that Defendant cannot charge for these fees because the Privacy Act, under which Defendant could not have charged for search fees, would have produced some of the documents that would have resulted from this FOIA search. *Id.* at 4.

The Court finds, however, that Plaintiff cannot evade the FOIA search fee by claiming that his request also falls under the scope of the Privacy Act. Plaintiff cannot transform his FOIA request into a Privacy Act request, especially when Plaintiff has made no effort to satisfy the requirements of the Privacy Act through his FOIA requests. *See* 31 C.F.R. § 1.26(d); 31 C.F.R. Part 1, Subpart C, App. B (IRS) § 3(b) (listing the required format of requests under the Privacy Act, as set forth in its regulations and promulgated by the Treasury Department). Therefore, the Court concludes that Defendant is permitted to request advance fees for covering the cost of Plaintiff's FOIA request.

Second, Plaintiff objects to the recommendation finding that Defendant did not waive the right to demand fees. Obj. at 2, 4-5. Magistrate Judge Scanlon found no waiver because: (i) Defendant complied with the FOIA requirements regarding extension requests by filing multiple letters to Plaintiff seeking additional time before the litigation commenced and (ii) Plaintiff's requests, which would have required Defendant to obtain voluminous emails, were "unusual" and "exceptional" as defined under the FOIA regulations. *See* Am. R&R at 19-20 (citing *Davis*, 2013 WL 6145749, at *2 (quoting 5 U.S.C. § 552(a)(6)(B)(iii)(II))). Plaintiff argues that Defendant waived its right to fees because: (1) "Defendant should have clarified the Plaintiff's first fee waiver request as opposed to ignoring it during the administrative process," (2) Defendant failed to produce a fee request within FOIA's time limits, and (3) Plaintiff does not need to file an appeal of the fee waiver denial through the administrative process because

7

Defendant "decided to deny the fee waiver request only after this instant litigation commenced." Obj. at 4-5.

The Court finds, however, that Defendant did not waive its rights to collect fees. Defendant complied with FOIA's requests for seeking extension requests by filing multiple letters requesting extensions of time to respond to Plaintiff's requests and asking Plaintiff to consider limiting the scope of his response, between August 27, 2013, when Plaintiff filed his original FOIA request, and January 31, 2014, when Plaintiff filed the instant action. *See* ECF No. 44 ¶¶ 13-23 ("Def. Rep. 56.1 Stmt."). Plaintiff's requests also presented "unusual" and "exceptional" circumstances, *see Davis*, 2013 WL 6145849, at *2 (quoting 5 U.S.C. § 552(a)(6)(B)(iii)(II)), because Plaintiff's original request would have required Defendant to search between 750,000 and 1.5 million emails and to collect Blackberry PIN-to-PIN messages and text messages for seven employees from five offices over a 220 month period, and Plaintiff's modified request would have required Defendant to obtain up to 1.5 million emails from five offices. *See* Def. Rep. 56.1 Stmt. ¶¶ 69, 79. Furthermore, because the "[c]ommencement of a civil action pursuant to the FOIA does not relieve a requester of his obligation to pay any required fees," *Brunsilius v. Dep't Energy*, 514 F. Supp. 2d 30, 34 (D.D.C. 2007) (Leon, J.), the Court finds that Defendant's denial of the fee waiver request after the instant litigation was commenced does not amount to a waiver of its rights to collect the fee.

Accordingly, the Court ADOPTS Magistrate Judge Scanlon's recommendation finding that Defendant complied with the requirements under FOIA in responding to Plaintiff's requests.

### C. Plaintiff's FOIA Request as Reviewed Under the Privacy Act

The Privacy Act permits "an individual to seek access to only his or her own record," but "only if that record is maintained by that agency within a 'system of records.'" *Lane v. U.S.*

*Dep't of Justice*, 02-CV-06555, 2006 WL 1455459, at *5 (E.D.N.Y. May 22, 2016) (Vitaliano, J.). A "system of records" is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 522a(e)(4); *see also Henke v. U.S. Dep't of Commerce*, 83 F.3d 1453, 1460 (D.C. Cir. 1996) ("[A] group of records should generally not be considered a system of records unless there is actual retrieval of records keyed to individuals."). In addition, the Privacy Act regulations require that a request "specify the name and location of the particular system of records . . . for which the individual is seeking notification and access (or an accounting of disclosures), and the title and business address of the official designated in the access section for the particular system." 31 C.F.R. § Part 1, Subpart C, App. B(3)(b)(v).

Plaintiff raises two objections to Magistrate Judge Scanlon's recommendation regarding Plaintiff's FOIA requests as reviewed under the Privacy Act. Obj. at 5-7.

First, Plaintiff objects to Magistrate Judge Scanlon's recommendation that Plaintiff's requests in categories one through seven, for years' worth of other employees' emails, were not subject to release under the Privacy Act. Obj. at 5-6. In reviewing the record, the Court concludes that the Privacy Act does not apply to Plaintiff's requests. Plaintiff's requests do not fall within the scope of the Privacy Act because Plaintiff's requests are not about Plaintiff, but relate to whether Defendant's hiring practices reference Plaintiff. *See* 26 C.F.R. § 601.702(f)(3)(iv)(C). Furthermore, there is no evidence that the emails at issue are part of the "system of records," because the emails are kept in separate offices, rather than in any filing system that is retrievable and indexed under an identifier such as Plaintiff's name. *See Mobley v. Central Intelligence Agency*, 924 F. Supp. 2d 24, 56 (D.D.C. 2013) (Howell, J.); *Krieger v. U.S.*

*Dep't of Justice*, 529 F. Supp. 2d 29, 42-43 (D.D.C. 2008) (Kollar-Kotelly, J.). Accordingly, Plaintiff's requests fall outside of the scope of the Privacy Act.

Second, Plaintiff objects to the Magistrate Judge's finding that Plaintiff did not satisfy the regulations for making a request under the Privacy Act. Obj. at 6-7. Specifically, Plaintiff argues that agencies cannot promulgate regulations that govern how to make a request under the Privacy Act. *Id.* The Court disagrees, and finds that the Privacy Act requires agencies to identify and publish systems of record and to promulgate regulations governing the request of those records. *See* 5 U.S.C. §§ 552a(d)(1), (f)(3), (e)(4). The Court notes that Defendant is authorized by statute to promulgate regulations, and that Defendant has done so regarding the format of requests. *See* 31 C.F.R. § 1.26(d); 31 C.F.R Part 1, Subpart C, App. B (IRS) § 3(b) (requiring requesters, *inter alia*, to state on the envelope that the request is being made under the provisions of the Privacy Act, identify the name and location of the system of records that the requester seeks, and give the title and business address of the official designated in the access section for the system of records). The regulations governing Plaintiff's requests are therefore proper and the Court finds that Plaintiff did not meet the requirements of those regulations.

Accordingly, the Court ADOPTS Magistrate Judge Scanlon's recommendation finding that the emails Plaintiff seeks through FOIA are not subject to release under the Privacy Act.

### D. Attorney's Fees and Costs

Under FOIA, the Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(4)(E)(i). In addition, *pro se* litigants are not entitled to collect attorney fees in FOIA cases, even when the *pro se* litigant is an attorney. *See Pietrangelo v. U.S. Army*, 568 F.3d 341, 344-45 (2d Cir. 2009).

Magistrate Judge Scanlon recommended that the Court find that Plaintiff is not entitled to attorney's fees costs, even if he succeeded on his claims, because Plaintiff is a *pro se* litigant. Am. R&R at 29. Neither party has filed objections to this recommendation. The Court has reviewed Magistrate Judge Scanlon's reasoning and conclusion for clear error on the face of the record, and finding none, ADOPTS the recommendation for the finding that Plaintiff is not entitled to attorney's fees and costs.

### E. Arbitrary and Capricious Conduct

Two prerequisites are necessary for the Court to make a finding that a government agency has acted arbitrarily and capriciously, and must order referral to Special Counsel. First, the Court must "order the production of any agency records" in connection with the dispute. 5 U.S.C. § 552(a)(4)(F)(i). Second, the Court must "assess against the United States reasonable attorney fees and other litigation costs." *Id.* If these prerequisites are satisfied, the Court must issue "a written finding that the circumstances surrounding the withholding raise questions [about] whether agency personnel acted arbitrarily or capriciously with respect to the withholding," after which "the Special Counsel must promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding." *Id.*

Magistrate Judge Scanlon recommended the Court find that Defendant did not act arbitrarily and capriciously. Am. R&R at 30. Magistrate Judge Scanlon reasoned that Plaintiff had not established that the prerequisites have been satisfied and that Plaintiff failed to point to any circumstances that raise questions about whether Defendant's personnel acted arbitrarily and capriciously when withholding the records. *Id.* at 29-30. Neither party has filed objections to this recommendation. Accordingly, the Court has reviewed Magistrate Judge Scanlon's

reasoning and conclusion for clear error on the face of the record. Finding no clear error, the Court ADOPTS the recommendation finding that Defendant did not act arbitrarily and capriciously.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Scanlon's Report and Recommendation is ADOPTED in accordance with this Memorandum and Order. The Court DENIES Plaintiff's Motion for Summary Judgment, and GRANTS Defendant's Cross-Motion for Summary Judgment.

IT IS HEREBY ORDERED THAT: (1) the Court permits Defendant to charge advance fees before releasing the remaining requested email records to Plaintiff; (2) the Court denies Plaintiff's request for attorney fees; (3) the Court declines to find that Defendant acted arbitrarily and capriciously; and (4) the Court enters judgment in favor of Defendant.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2016
       Brooklyn, New York